IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **DONNIES WEARY BALL,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO. 2:23-cv-178-TBM-RPM |
| **CITIMORTGAGE, INC.; CENLAR FSB; and DOE DEFENDANTS 1-10,** | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, hereby gives notice of the removal of this action from the Chancery Court of Marion County, Mississippi to the United States District Court for the Southern District of Mississippi, Eastern Division. As grounds in support of this Notice of Removal, CitiMortgage respectfully states as follows:

### I. PROCEDURAL HISTORY

1.  On or about October 9, 2023, plaintiff Donnies Weary Ball ("Plaintiff") filed a complaint against CitiMortgage, along with Cenlar FSB ("Cenlar") (collectively, "Defendants") and "Doe Defendants 1-10" in the Chancery Court of Marion County, Mississippi (the "Complaint"). *See* Complaint, attached hereto with the state court file as **Exhibit A**.

2.  A copy of the Complaint served on CitiMortgage on October 18, 2023.

3.  In the Complaint, Plaintiff claims that he acquired title to real property located at 430 Lafayette St., Columbia, MS 39429 ("Property"), which included a deed of trust assigned to

CitiMortgage. *See* Ex. A Compl. ¶¶ 4–6. He then claims that on or about August 28, 2023, after a Trustee's sale of the Property occurred—for which Plaintiff claims he received no notice—Defendants threatened to evict Plaintiff from the Property. *See id.* ¶¶ 9–10. Based on these allegations of a wrongful foreclosure and/or eviction, Plaintiff requests that the Court grant all rights and interest in the Property to Plaintiff. *See id.* ¶¶ 11–12; *id.* at 4 ¶¶ 1–2.

4. Plaintiff does not seek any monetary damages, but instead seeks equitable relief in the form of (1) "a declaratory judgment declaring all rights and legal obligations of the parties to and against the Subject Property" and (2) an order "judicially determining that Plaintiff Donnies Weary Ball and Terry Ball and Dannie Weary, Life Estate hold the title and exclusive ownership interest" in the Property, along with attorney's fees and costs and additional unspecified relief. *See id.*

## II. DIVERSITY JURISDICTION

5. Diversity jurisdiction exists over this action. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. There is Complete Diversity of Citizenship Between the Parties.

6. For diversity purposes, an individual's "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

7. In the Complaint, Plaintiff alleges that he "is an adult resident citizen of Mississippi." Ex. A, Compl. ¶ 1. Additionally, Plaintiff brings this action relating to property that

Plaintiff claims to own in the state of Mississippi. *See id.* ¶¶ 5, 7. Plaintiff is therefore a citizen of Mississippi for purposes of diversity jurisdiction. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 313.

8. CitiMortgage is not a citizen of Mississippi. CitiMortgage is a foreign corporation organized under New York law with its principal place of business in Missouri. For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)). CitiMortgage is therefore a citizen of both New York and Missouri for purposes of diversity jurisdiction. *See* Ex. A, Compl. ¶ 2 (recognizing that CitiMortgage is neither incorporated nor holds a principal place of business in Mississippi).

9. Cenlar FSB is not a citizen of Mississippi. Cenlar FSB is a federal savings bank with its main office in New Jersey. "In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x). Cenlar FSB is therefore a citizen of New Jersey. *See* Ex. A, Compl. ¶ 2 (recognizing that Cenlar FSB does not have its main office in Mississippi).

10. Accordingly, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

  **B.** **<u>The Amount in Controversy Exceeds $75,000.</u>**

11. The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

12. In the Complaint, Plaintiff seeks equitable relief in the form of (1) "a declaratory judgment declaring all rights and legal obligations of the parties to and against the Subject

Property" and (2) an order "judicially determining that Plaintiff Donnies Weary Ball and Terry Ball and Dannie Weary, Life Estate hold the title and exclusive ownership interest" in the Property, along with attorney's fees and costs and additional unspecified relief. *See* Ex. A, Compl. at 4 ¶¶ 1–2.

13. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). In actions "to stop the foreclosure sale" or to "enjoin[ ] a lender from transferring property and preserv[e] an individual's ownership interest," courts recognize that "it is the property itself that is the object of the litigation" and "the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).

14. The value of the Property is estimated at $122,900. *See* Zillow Home Value Zestimate for 430 Lafayette St., Columbia, MS 39429, attached hereto as **Exhibit B**.

15. Accordingly, because any equitable relief sought by Plaintiff seeking ownership over the property at issue would exceed $75,000, exclusive of interest and costs, the jurisdictional threshold is satisfied, and this Court has diversity jurisdiction over this matter.

### III. ADOPTION AND RESERVATION OF DEFENSES

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the

claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Mississippi law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

17. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

18. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon CitiMortgage to date in this case.

19. This Notice of Removal is filed within thirty days after service of the Complaint on CitiMortgage and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

20. CitiMortgage has not previously sought similar relief.

21. The United States District Court for the Southern District of Mississippi, Eastern Division is the District and Division embracing the place where this action is pending in state court.

22. All defendants that have been named and served in this lawsuit to date have consented in filing this removal. A true and correct copy of the consent by Cenlar FSB is attached hereto as **Exhibit C**.

23. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

24. Contemporaneously with the filing of this Notice of Removal, CitiMortgage has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Chancery Court of Marion County, Mississippi. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, CitiMortgage prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court of Marion County, Mississippi to the United States District Court for the Southern District of Mississippi, Eastern Division.

Respectfully submitted this 17th day of November, 2023.

/s/ *Richard C. Keller*
Richard C. Keller (MS Bar #100474)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rkeller@burr.com

Attorney for Defendant
CITIMORTGAGE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served on the foregoing via U.S. First Class Mail on this the 17th day of November, 2023.

Thomas J. Bellinder
BELLINDER LAW FIRM
200 E. Government St.
Brandon, MS 39042
Phone: (601) 487-9340
thomas@bellinderlawfirm.com

*Attorney for Plaintiff*

    */s/ Richard C. Keller*
    Richard C. Keller